# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ROOSEVELT REO PR CORP.,

    **Plaintiff,**

           v.

MANUEL ANTONIO TOLEDO GARCÍA, *et al.*,

    **Defendants.**

CIVIL NO. 17-2113 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Plaintiff ROOSEVELT REO PR CORP.'s ("Roosevelt" or "Plaintiff") Motion to Remand (the "Motion") this case to the Puerto Rico Court of First Instance, Aguadilla Superior Court ("state court"). Docket No. 6. Defendants' Manuel Antonio Toledo García, Brunilda Rojas González and the Conjugal Partnership between them (collectively "Defendants") opposed the Motion. Docket No. 12. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the state court.

## BACKGROUND

In 2011, Plaintiff initiated a foreclosure proceeding against Defendants at state court. Docket No. 6 at 2. The state court accepted a settlement where Defendants agreed to pay any outstanding debts and a judgment was entered to that effect. *Id.* at 3. The settlement agreement warned that if Defendants failed to comply with the agreement, the state court could authorize the sale of the property in public auction. *Id.* Defendants failed to comply with the agreement and, as a result, the property was scheduled for public auction. *Id.* Defendants filed a motion to stay the

proceedings, which the state court denied on June 30, 2017. *Id.* at 4. Subsequently, Defendants filed two motions for reconsideration of the denial of the motion to stay, which the state court respectively denied on July 19 and August 8 of 2017. *Id.*

After the denial of the motions for reconsideration, Defendants removed this case to the District Court of Puerto Rico on August 21, 2017. Docket No. 1. In their notice of removal, Defendants alleged that it became "ascertainable" from the state court orders that the case had become removable. *Id.* at 3. In response, Plaintiff filed Motion arguing the case was improperly removed and requesting sanctions on Defendants' counsel. Docket No. 6 at 1, 9.

## ANALYSIS

Defendants removed this case to federal court. Docket No. 1. Defendants argue that the Court has subject matter jurisdiction because Plaintiffs did not comply with several federal laws. *Id.* at 2. Defendants also argue that they did not know they could remove this case until the state court denied their two motions for reconsideration. *Id.* at 3. The Court finds both arguments unavailing and **REMANDS** this case to state court.

I. Subject-Matter Jurisdiction

Defendants argue that the Court has subject-matter jurisdiction stemming from a federal question. Docket No. 1 at 2. Specifically, Defendants claim that Plaintiff failed to comply and violated the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), Home Mortgage Disclosure Act ("HDMA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair and Accurate Credit Transaction ("FACT"), among others. *Id.* The Court disagrees.

A district court must determine a jurisdictional question by what appears on the plaintiff's well-pleaded complaint and without reference to any other pleadings. *Ortiz-Bonilla v. Federacion De Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) (citing *Templeton Bd. of Sewer Comm'rs v. Am. Tissue of Mass., Inc.*, 352 F.3d 33, 37 (1st Cir. 2003)). In terms of federal question jurisdiction, it must be determined if "an action 'aris[es] under the Constitution, laws or treaties of the United States.'" *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 9898 F.2d 1256, 1262 (1st Cir. 1993) (citations omitted). Specifically, there are two types of actions that can come within federal question jurisdiction: (i) those involving direct federal questions, and (ii) those involving an embedded federal question. *Ortiz-Bonilla*, 734 F.3d at 34-35 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986)). The former presents cases in which the plaintiff pleads a cause of action that is created by federal law. *Id.* at 34. Pleading federal law as a defense does not present a federal question. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (stating that a plaintiff alleging that an anticipated defense would be invalidated by the Constitution does not make a cause of action arise under the Constitution, laws or treaties of the United States); *Merrell Dow Pharm. Inc.*, 478 U.S. at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). The latter presents cases in which the plaintiff pleads a state cause of action that turns on the resolution of some federal issue and that issue is substantial enough to confer jurisdiction. *Id.* at 34-35 (citing *Merrell Dow Pharm. Inc.*, 478 U.S. at 808).

Plaintiff brought a state cause of action against Defendants for the collection of monies and foreclosure of real property due to Defendants' failure to make the necessary payments pursuant to the settlement agreement. Docket No. 6 at 2. In the state complaint, Plaintiff did not allege any federal law violations. *Id.* at 3. After litigation was well underway, Defendants removed

the action to this Court. Docket Nos. 1; 6 at 3-4. In their Notice of Removal, Defendants argue that Plaintiff violated a number of federal laws. Docket No. 1 at 1-2. As explained above, federal jurisdiction is not conferred when a defense raises the federal question. *See Merrell Dow*, 478 U.S. at 808 ("[A] defendant may remove a case only if the claim could have been brought in federal court . . ."). Here, Defendants claim that federal law was violated in the notice of removal. Docket No. 1 at 1-2. Plaintiff did not include federal law in its state complaint. Thus, this case does not raise a federal question jurisdiction in the Complaint.

Additionally, Plaintiff's state claims do not give rise to an embedded federal issue. As previously stated, Plaintiff's state claims are for the collection of monies based on non-payment of a mortgage and foreclosure. As such, this case lacks an important federal issue of national interest that, in the rarest of cases, would grant jurisdiction on this Court. The statutes cited by Defendants are means that give way to these proceedings but do not contain an embedded federal issue. *Banco Popular de P.R. v. Ramirez*, 280 F. Supp. 3d 316, 320 (D.P.R 2017). As courts of limited jurisdiction, this Court is unable to hear this state foreclosure matter. *Id.* (citing *Merrell Dow Pharm. Inc.*, 478 U.S. at 808, 814).

Accordingly, the Court lacks subject-matter jurisdiction over this claim. However, even if this Court had jurisdiction, this case would not be removable at this juncture.

## II. Removal Statute's Thirty-Day Requirement

Defendants argue that the state court denial of the second motion for reconsideration is a paper or document, which made the state court action removable to this Court. Docket No. 1. The Court disagrees.

A defendant wishing to remove a case to federal court shall file a notice of removal containing a plain statement of removal grounds along with a copy of all process, pleadings and orders served upon defendants.[1] 28 U.S.C. 1446(a). The notice of removal shall be filed within thirty-days after receiving a copy of the initial pleading or after the receipt of an amended pleading, motion, or order. 28 U.S.C. 1446(b). The thirty-day requirement for the receipt of an amended pleading, motion or order only applies if it just became discernible that the claim could be removed. *Id.* That is,

> [i]n order for a case to be removed on the basis that the grounds for removal were not apparent from the initial pleading, the amended pleading, motion, order or other document must be such that 'so changes the nature of the action as to constitute substantially a new suit begun that day.'

*Hernandez-Lopez v. Puerto Rico*, 30 F. Supp. 2d 205, 210 (D.P.R. 1998) (citation omitted).

Here, Defendants allege that the state court order denying their motions to stay the proceedings on July 19 and August 8 of 2017 made it apparent that they could remove the case to this Court. Docket Nos. 1 at 3; 12 at 3; 6-12; 6-13. The Court cannot discern from the orders what makes the claim now removable. Defendants fail to explain what substantial federal issue is raised by the state court orders, or how the state court orders changed the action in such a way that it

---

[1] The Court notes that Defendants failed to submit translations of all pleadings and orders served upon them during the state court action and relied on the translation of the two orders denying the motion to stay proceedings submitted by Plaintiff. Defendants are reminded that, under 48, U.S.C § 864, all pleadings and proceedings in the United States District Court of Puerto Rico are conducted in the English language and "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." L. Cv. R. 5(g) (D.P.R. 2010). "[A] defendant's failure to provide the district court with certified translations . . . of the motions filed in the Puerto Rico court 'could be fatal to removal.'" *First Bank Puerto Rico v. Swift Access Mktg., Inc.*, 697 F. Supp. 2d 259, 260 (D.P.R. 2010) (citing *Hoyos v. Telecorp Communs., Inc.*, 488 F.3d 1, 4 (1st Cir.2007)).

would "substantially be a new suit." *Hernandez-Lopez*, 30 F. Supp. 2d at 210. Notwithstanding the state court orders, the Court fails to see why the thirty-day requirement limit does not apply to the state court claim filed in 2011. Thus, the Court finds no reason why the state court orders should have any bearing on the removal question.

III.     **Fed. R. Civ. P. Rule 11 and 28 U.S.C. § 1927 Sanctions**

Plaintiff requests that the Court impose sanctions on Defendants and to be reimbursed for costs and attorneys' fees associated with the alleged meritless removal. Docket No. 6 at 9. The Court agrees.

Pursuant to 28 U.S.C § 1447(c), ". . . an order remanding the case may require payment of just costs and . . . attorney fees incurred as a result of the removal." Similarly, Rule 11(b) places on attorneys "a duty . . . to investigate their clients' claims before making any filings and to reassess them throughout the litigation." *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 759 (1st Cir. 1988). The purpose of this rule is to deter frivolous filings and streamline the administration and procedures of the federal courts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Although a party's request to impose sanctions must be made on a separate motion, the Court can order on its own initiative a party to show cause why they have not violated Rule 11(b). Fed. R. Civ. P. 11(c). Here, Plaintiff has sought sanctions, *see* Docket No. 6 at 9, and Defendants have opposed them, *see* Docket No. 20 at 18-20. Thus, the Court finds that an order to show cause at this point would be futile and proceeds with the adjudication of the sanctions issue.

The Court notes that Defendants' attorneys have filed various removal proceedings in this District in foreclosure cases that have been remanded to state court. *See, e.g.*, *WM Capital Partners, 53 LLC v. San Juan Properties, Inc.*, 270 F. Supp. 3d 545 (D.P.R. 2017) (ordering the action to be

remanded); *Banco Popular de P.R.*, 280 F. Supp. 3d at 320-21 (D.P.R. 2017) (same); *Banco Santander de P.R. v. Bastardo-Aguilar*, No. 17-2071, ECF No. 16 (GAG), (D.P.R. Nov. 16, 2017). In some of the cases, the Court has identified the removal action "as a last-gasp effort to stay the public auction of the foreclosed property." *WM Capital Partners*, 270 F. Supp. 3d at 547. Indeed, in *WM Capital Partners* and *Banco Popular de P.R.*, the Court called the removal of the actions "vexatious and improperly motivated." *Id.*; *Banco Popular de P.R.*, 280 F. Supp. 3d at 320-21 (D.P.R. 2017) (citation omitted). In these two cases, the Court granted Rule 11 sanctions and reimbursed the costs and attorneys' fees to Plaintiffs.

As this is the fourth instance that defense counsel presents what appears to be an improper removal before this Court, the Court sanctions Defendant one thousand dollars ($1,000) to be paid half by Defendants and half by Defendants' counsel. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."). Defense counsel shall deposit the sanctions imposed with the Clerk of Court on or by **July 17, 2018**.

Furthermore, Defendants shall reimburse Plaintiff for costs and attorneys' fees accrued because of the removal. In order to calculate attorneys' fees, courts generally use the "lodestar" method, which determines the fees by multiplying a reasonable hourly rate by the number of hours spent on the lawsuit. *See United States v. Nesglo, Inc.*, 744 F.2d 887, 892 (1st Cir. 1984); *see also Cofino-Hernandez v. Commonwealth*, 230 F. Supp. 3d 69, 72-73 (D.P.R. 2017) (using the "lodestar" method to determine attorneys' fees). Accordingly, the Court orders Plaintiff to provide a fee schedule

reflecting excess costs, expenses and attorneys' fees incurred as a result of this removal by or on <u>July 17, 2018</u>. Defendants will have until <u>July 31, 2018</u> to respond.

## CONCLUSION

For the reason set out above, the Motion to Remand is **GRANTED** and this action is **REMANDED** to the Puerto Rico Court of First Instance, Aguadilla Superior Division for further proceedings.

Furthermore, Defendants are sanctioned and shall pay the sum of one thousand dollars ($1,000) to the Clerk of Court. Specifically, Defendants shall pay five hundred dollars ($500) and Defense Counsel the remaining five hundred dollars ($500) by <u>**7/17/2018**</u>.

Plaintiff shall provide a fee schedule reflecting excess costs, expenses and attorneys' fees incurred as a result of this removal by or on <u>**7/17/2018**</u>. Defendants shall respond by <u>**7/31/2018**</u>.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, July 03, 2018.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge
